**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRI BRUNSON, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA et al., | : | No. 17-746 |
| *Defendants.* | : | |
| | : | |

**MEMORANDUM**

PRATTER, J.                                                                  MARCH 26, 2018

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment. The Court can think of few cases that present a clearer need for summary judgment than the present one. The plaintiff, Terri Brunson, claims that the United States Postal Service carelessly failed to maintain a mat in the vestibule at the entrance of its post office, which caused her to fall and break her leg. Ms. Brunson makes these allegations despite never seeing a negligently maintained mat, not knowing how she fell, and admitting to her doctors that she tripped on her own accord. Given these facts, no reasonable jury could find that the Postal Service was negligent, and summary judgment is granted in favor of the defendants.

**BACKGROUND**

In April 2016, Ms. Brunson was at a post office in Philadelphia. As she left the post office, she tripped and fell, fracturing her left fibula. After her fall, she filed this action under the

Federal Tort Claims Act against the Government, the building owner, and the maintenance companies, alleging that an upturned mat in the building vestibule caused her fall.

The United States filed a motion for summary judgment to dismiss Ms. Brunson's action, claiming that she cannot establish that there was an uneven mat or that (if one existed) it caused her fall and injuries.[1] The Government argues that the evidence shows that Ms. Brunson actually fell because she caught her foot in the door—not due to any carelessness by the defendants.

## STANDARD OF REVIEW

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* (citing *Anderson*, 477 U.S. at 248). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255. However, "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).

---

[1] The other defendants, LTB Limited Partnership and ASI Management, Inc., moved to join the Government's motion despite their failure to timely file a motion. Ms. Brunson opposed this request, arguing that it was time-barred. The Court grants the request of these defendants to join in the Government's motion. Ms. Brunson's claims against these other defendants are derivative of her claims against the Government. Given that no reasonable jury could sustain Ms. Brunson's action against the Government, her action against other defendants must also fall. Therefore, although the Court will focus on the negligence claim against the United States, the Court grants summary judgment in favor of all the defendants.

The movant bears the initial responsibility for informing the Court of the basis for the motion for summary judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. After the moving party has met the initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### DISCUSSION

The United States is liable "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because Ms. Brunson's injury happened in Pennsylvania, the Court applies Pennsylvania law.

In Pennsylvania, "[t]he four elements necessary to establish a cause of action in negligence are: a duty or obligation recognized by law; breach of that duty by the defendant; causal connection between the defendant's breach of that duty and the resulting injury; and

3

actual loss or damage suffered by the complainant." *Reilly v. Tiergarten Inc.*, 633 A.2d 208, 210 (Pa. 1993).

The elements of damage and duty are not in dispute here. Instead, the dispute centers on breach of duty and causation. First, the parties dispute whether the post office breached its duty by failing to maintain the mat in its vestibule; and second, whether the mat was the cause of Ms. Brunson's fall and injuries. The Court finds that there is no evidence on the record to establish breach of duty, and therefore no evidence to show causation.

## I.  Breach of Duty

The Pennsylvania standard for breach of duty adheres closely to the Restatement (Second) of Torts. "Possessors of land owe a duty to protect invitees from foreseeable harm." *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). "An invitee is either a public invitee or a business visitor." *Palange v. City of Phila.*, 640 A.2d 1305, 1307-08 (Pa. Super. 1994). "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id*. Here, Ms. Brunson was a business visitor of the post office, and the Government owed her a duty to protect her from foreseeable harm.

Ms. Brunson's sole theory is that the Government was careless in failing to ensure its mat was flat, and the upturned mat presented a tripping hazard. But Ms. Brunson brings no evidence to show that the mat was upturned.[2] Moreover, she was asked repeatedly in her deposition if she had seen anything unusual about the mat in the vestibule, and each time, Ms. Brunson admitted that she had not.

---

[2] During a pretrial conference held on January 10, 2018, Ms. Brunson's attorney admitted that no evidence on the record shows that the mat was upturned.

Ms. Brunson argues that, despite this dearth of evidence, her claim should still proceed because of past statements she or her attorney made. Ms. Brunson points to (1) her prior statements asserting that the mat was uneven and (2) an administrative claim submitted by her attorney stating that Ms. Brunson "tripped and fell over a mat that . . . was 'curled' and uneven." However, these statements are inadmissible hearsay.

Hearsay is an out-of-court statement offered "to prove the truth of the matter." Fed. R. Evid. 801(c). Hearsay is not admissible unless it falls under recognized exemptions or exceptions. Fed. R. Evid. 802. At first blush, it appears that these statements, made by Ms. Brunson and her attorney, would fall under Federal Rule of Evidence 801(d)(2) as statements by party opponents or party representatives. But Rule 801(d)(2) only applies to statements made by *opposing* parties. Ms. Brunson cannot rely on these statements to prove *her own* case. Given that the Court finds no exemption or exception for these statements, and Ms. Brunson contradicted them when asked in her deposition, they are inadmissible hearsay.

## II.  Causation

Even if Ms. Brunson could show that the mat in the vestibule was uneven, the record does not show that the mat caused her to fall.[3] During her deposition, Ms. Brunson was asked: "Sitting here today, did you fall from getting your foot caught in the door or did you fall from an upturned mat that you tripped on?" Ms. Brunson answered: "I don't recall." [4] Ms. Brunson has

---

[3] The Government points to three video clips that purportedly show that Ms. Brunson did not fall from tripping on the mat. According to the Government, these tapes show Ms. Brunson leaving the vestibule without incident. Although the Government contends that these clips are dispositive, the Court disagrees. The videos do not show Ms. Brunson fall. They merely show the door opening and closing in an uninterrupted manner. That is consistent both with Ms. Brunson catching her foot in the door or tripping on a mat.

[4] Both Ms. Brunson and the Government agree that an uneven mat in a building vestibule would constitute a breach of duty. They also agree that no party would be liable if Ms. Brunson's fall was caused by her foot being caught in the door.

brought forth no witnesses and no physical evidence. The only evidence she brought forth during discovery was her testimony stating she did not know how she fell.

To carry her burden, Ms. Brunson must show by a preponderance of the evidence that she fell from tripping on an upturned mat. The most she can say is that she does not know what caused her fall. Such a showing is insufficient as a matter of law. In fact, the evidence actually shows that Ms. Brunson tripped on her own accord. Ms. Brunson told the building security guard and a litany of doctors that she fell because she caught her foot in the door, not because she tripped on a mat. Given the speculative nature of Ms. Brunson's allegations and the lack of any evidence to support them, the Court concludes that no reasonable jury could find for Ms. Brunson.

## CONCLUSION

For the foregoing reasons, the Court grants the Government's motion for summary judgment. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE